NOT FOR PUBLICATION (Doc. Nos. 13, 22, & 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Jeffrey BELLO | : : : | |
| Plaintiff, | : : | Civil No. 15–6768 (RBK/KMW) |
| v. | : : | **OPINION** |
| EDGEWATER PARK SEWERAGE AUTHORITY and THE STATE OF NEW JERSEY | : : : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Jeffrey Bello's Motion for Default Judgment (Doc. No. 13), Defendant State of New Jersey's Cross-Motion to Vacate Clerk's Entry of Default (Doc. No. 22), and Defendant Edgewater Park Sewerage Authority's Cross-Motion to Vacate Clerk's Entry of Default (Doc. No. 23). Because Defendants have shown good cause to set aside the entries of default, Defendants' Motions are **GRANTED** and Plaintiff's Motion is **DENIED AS MOOT**.

**I.    BACKGROUND**

On September 11, 2015, Plaintiff Jeffrey Bello filed a Complaint against Edgewater Park Sewerage Authority ("EPSA") and the State of New Jersey ("State"). His claims arise out of disputed sewer bills related to his property at 143 E. Warren Street, Edgewater Park, New Jersey. *See* Compl. at 3–4. In addition to money damages, Plaintiff seeks declaratory judgment that the New Jersey Sewerage Authorities Law, N.J.S.A. 40:14A–1 *et seq.*, is unconstitutional as a

1

violation of the Fifth and Fourteenth Amendments of the United States Constitution. Compl. at 4. He filed a motion for a preliminary injunction on September 29, 2015 (Doc. No. 7).

Defendants failed to file an answer or move to dismiss the Complaint by the October 15, 2015 deadline (Doc. No. 8). The Clerk entered default against EPSA and the State on October 20, 2015. Douglas W. Burry, Esq., EPSA's counsel, filed his notice of appearance and a letter with the Court on October 23, 2015 (Doc. Nos. 10 and 11). Plaintiff filed his Motion for Default Judgment on October 27, 2015 (Doc. No. 13). The next day, October 28, 2015, EPSA opposed Plaintiff's motion for a preliminary injunction and notified the Court of its intention to move to vacate the entry of default (Doc. No. 12). On November 2, 2015, the State formally assigned the matter to Deputy Attorney General Aaron A. Love, s*ee* Love Decl. ¶ 5, opposed Plaintiff's motion for a preliminary injunction, and notified the Court of its intention to move to vacate the entry of default (Doc. No. 16).

The Court heard oral argument and denied Plaintiff's motion for a preliminary injunction on November 9, 2015. *See* Minutes of Proceedings (Doc. No. 18). Mr. Burry and DAG Love attended on behalf of EPSA and the State, respectively. *See* Minutes of Proceedings. On November 23, 2015, Defendants moved for this Court to vacate the Clerk's entries of default against them (Doc. Nos. 22 and 23).

## II. DISCUSSION

An entry of default may be vacated for "good cause." Federal Rule of Civil Procedure 55(c). In exercising its discretion, the Court must be mindful that the Third Circuit "does not favor entry of defaults" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). The Court must

consider the following factors in deciding whether to set aside a default under Rule 55(c): "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Id.* at 195. The standard for setting aside a default is less strict than the standard for setting aside a default judgment. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

      A.      **State of New Jersey**

The Court first finds that Plaintiff will not be prejudiced if the Court sets aside the default against the State. The State's answer was due on October 15, 2015 (Doc. No. 8), and the Clerk entered default on October 20, 2015. DAG Love notified Plaintiff and the Court of the State's intention to move to set aside the entry of default on November 2, 2015—less than two weeks after the Clerk's entry of default. DAG Love also appeared at the hearing considering Plaintiff's motion for a preliminary injunction. Plaintiff cannot be surprised that the State has moved to set aside the entry of default. Furthermore, there is no evidence that Plaintiff's "ability to pursue [his] claim has been hindered" by the brief delay. *See Feliciano*, 691 F.2d at 657.

The Court also finds that the State has a meritorious defense. Plaintiff seeks $5 million and declaratory judgment against the New Jersey Sewerage Authorities Law. State sovereign immunity likely bars this Court from hearing Plaintiff's claim for money damages against the State. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Furthermore, the New Jersey Sewerage Authorities Law, as a state statute, is "entitled to the presumption of constitutionality[.]" *Davies Warehouse Co. v. Bowles*, 321 U.S. 144, 153 (1944). Plaintiff's challenge to this statute should be decided on the merits. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95.

Finally, the Court finds that the State's delay was not culpable. Culpable conduct requires some finding of "willfulness" or "bad faith." *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182–83 (3d Cir. 1984). "[T]he culpable conduct standard requires that . . . more than mere negligence be demonstrated." *Id.* at 1183. Although Plaintiff "believes the State planned the delay," Pl.'s Br. at 5, he offers no evidence to support his argument. The Court accepts the State's explanation that it missed its filing deadline because DAG Love was not formally assigned the matter until November 2, 2015, *see* State's Br. at 11, at which point he promptly filed a notice of appearance, opposed Plaintiff's motion for a preliminary injunction, and notified the Court of the State's intention to move to set aside the default.

Because the Court finds that setting aside the entry of default will not prejudice Plaintiff, the State has a meritorious defense, and the State's delay was not culpable, the State's motion to set aside the clerk's entry of default (Doc. No. 22) shall be **GRANTED**. The Clerk shall vacate the default as to the State of New Jersey.

### B. Edgewater Park Sewerage Authority

The Court finds that it will not prejudice Plaintiff to set aside the default as to EPSA. EPSA's answer was due on October 15, 2015 (Doc. No. 8), and the Clerk entered default on October 20, 2015. Mr. Burry filed his notice of appearance on October 23, 2015, and EPSA notified Plaintiff and the Court of its intention to move to set aside the entry of default on October 28, 2015—the day after Plaintiff moved for default judgment, and only 8 days after the Clerk's entry of default. EPSA's counsel also appeared at the hearing at which the Court considered Plaintiff's motion for a preliminary injunction. There is again no evidence that Plaintiff's "ability to pursue [his] claim has been hindered" by the brief delay. *See Feliciano*, 691 F.2d at 657.

4

The Court also finds that EPSA's failure to answer or otherwise defend by October 15, 2015 was not culpable. The Court accepts Mr. Burry's explanation that he discussed the matter with the EPSA Board on October 14, 2015, Burry Cert. ¶ 5, and that he "was in the process of completing the response to the Complaint when he learned of the entry of default." EPSA's Br. at 10; Burry Cert. ¶ 6. If Mr. Burry needed more time, he should have applied for an extension.[1] *See* Local Rule 6.1(b) (allowing a party to obtain from the Clerk a 14-day extension of time to answer). But "mere negligence" does not demonstrate culpable conduct. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182–83.

Finally, the Court finds that EPSA has meritorious defenses. The Court "need not decide the legal issue[s] at this time" because EPSA's defenses are not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983). For the purposes of a Rule 55(c) motion, EPSA has sufficiently argued that it is acting pursuant to the New Jersey Sewerage Authorities Law, and that statute is entitled to a presumption of constitutionality. *Bowles*, 321 U.S. at 153. EPSA also raises the meritorious defense that the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq.*, confers it immunity from Plaintiff's claims.

Because the Court finds that setting aside the entry of default will not prejudice Plaintiff, EPSA's delay was not culpable, and EPSA has meritorious defenses, EPSA's motion to set aside the clerk's entry of default (Doc. No. 23) shall be **GRANTED**. The Clerk shall vacate the default as to EPSA.

---

[1] The Court trusts that, going forward with this case, all parties will comply with the Local Rules and apply for extensions *before* the relevant deadline has passed.

### C. Default Judgment

The Court may only enter a default judgment pursuant to Rule 55(b)(2) against a defendant who is in default under Rule 55(a). *See* Fed. R. Civ. P. 55. As the Court has vacated the entry of default as to both Defendants pursuant to Rule 55(c), Plaintiff's Motion for Default Judgment (Doc. No. 13) shall be **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons explained above, Defendants' Motions are **GRANTED.** The Clerk shall vacate the entry of default as to EPSA and the State of New Jersey. Plaintiff's Motion for Default Judgment is therefore **DENIED AS MOOT.** Defendants shall have thirty (30) days to file responsive pleadings.

Dated:     12/10/2015                                                   s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge