NOT FOR PUBLICATION                                                                          (Doc. No. 29)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

—————————————————————— :
                                             :
Jeffrey BELLO                                :
                                             :
                    Plaintiff,               :        Civil No. 15–6768 (RBK/KMW)
                                             :
         v.                                  :        **OPINION**
                                             :
EDGEWATER PARK SEWERAGE                      :
AUTHORITY and THE STATE OF                   :
NEW JERSEY                                   :
                                             :
                    Defendants.              :
—————————————————————— :

**KUGLER**, United States District Judge:

Plaintiff Jeffrey Bello, *pro se*, brings this action against Defendants Edgewater Park

Sewerage Authority ("EPSA") and the State of New Jersey ("State") for alleged violations of his

rights under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1–1 et seq., and Fifth and

Fourteenth Amendments of the United States Constitution. The State now moves to dismiss

Plaintiff's claim (Doc. No. 29). For the reasons expressed below, the State's Motion to Dismiss

is **GRANTED**.

## I.      BACKGROUND

Plaintiff's claims arise out of disputed sewerage bills related to his property at 143 E.

Warren Street, Edgewater Park, New Jersey. *See* Compl. at 3. Plaintiff's property is classified as

a four-unit home. *See* Compl. In February 2002, EPSA installed a public sewer line on the

property. *Id*. Following this installation, Plaintiff alleges EPSA incorrectly billed for a

connection fee and water usage charges. *Id*. Plaintiff refused to pay these charges. *Id.* To recover

the amount, a tax lien sale was scheduled for Plaintiff's property. *Id.* The sale never went

forward because Plaintiff's mortgage company satisfied the debt. *See* Pl.'s Emergency Mot. Inj.

Plaintiff alleges that, as a result of EPSA's actions, he suffered financial hardship, pain, and

stress. *See* Compl. at 4. Plaintiff filed a Complaint against EPSA and the State on September 9,

2015, seeking $5,000,000 in monetary damages and declaratory judgment that the New Jersey

Sewerage Authorities Law, N.J.S.A. 40:14A–1 et seq., is unconstitutional (Doc. No. 1). *See id.*

The State filed the present motion seeking dismissal pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6). *See* Def.'s Opp'n Br. at 1. The State asserts that (1) sovereign

immunity bars Plaintiff's claims and (2) Plaintiff fails to state a constitutional claim upon which

relief can be granted. *Id.*

## II.     STANDARD OF REVIEW

A motion to dismiss based on state sovereign immunity is appropriate under Federal

Rules of Civil Procedure 12(b)(1) or 12(b)(6). *See Carter v. City of Phila.*, 181 F.3d 339, 343 (3d

Cir. 1999) (considering immunity under 12(b)(6)); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d

690, 693 n.2 (3d Cir. 1996) (considering immunity under 12(b)(1)). Where a defendant moves to

dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff generally bears

the burden of proving by a preponderance of the evidence that the Court has subject matter

jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A

challenge to the court's subject matter jurisdiction may be "facial" or "factual." *Mortensen v.*

*First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977). Motions that do not challenge

the truth of the plaintiff's allegations are facial challenges. *Cardio-Med. Assocs. v. Crozer-*

*Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). In reviewing a facial challenge, this Court

must dismiss Plaintiff's claims if "the allegations on the face of the complaint, taken as true, [do

not] allege facts sufficient to invoke [its] jurisdiction." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994).

When evaluating a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

## III.    DISCUSSION

### A.    State Sovereign Immunity

Every state is a "sovereign entity in [the] federal system." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Because of their sovereignty, states are immune from suit. *Alden v. Maine*, 527 U.S. 706, 713 (1999). Those principles are embodied in, but not limited by, the Eleventh Amendment of the United States Constitution. *Id.* at 712–13. State sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction," *Blanciak*, 77 F.3d at 693 n.2, and an affirmative defense, *Carter*, 181 F.3d at 347. The Court must therefore grant the State's Motion to Dismiss if the State enjoys immunity from Plaintiff's claims.

There are two exceptions to state sovereign immunity. First, an individual can sue a state if Congress has "unequivocally expresse[d] its intent to abrogate the [state's] immunity," and Congress did so "pursuant to a valid exercise of [its Fourteenth Amendment] power." *Seminole*

3

*Tribe*, 517 U.S. at 55 (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Second, an individual

can sue a state if the state waives its sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid*

*Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). To waive sovereign immunity, a

state must unequivocally consent to suit, either by "voluntarily invok[ing] [federal] jurisdiction"

or clearly declaring its intent "to submit itself to [federal] jurisdiction." *Id*. at 675–76.

Here, the State enjoys immunity from Plaintiff's claims unless Plaintiff can satisfy one of

the exceptions to state sovereign immunity. Plaintiff's state law claim under the New Jersey Tort

Claims Act fails meet either exception. Congress has not expressed an intent to abrogate the

State's sovereign immunity under the New Jersey Tort Claims Act nor has the State

unequivocally waived Eleventh Amendment immunity in the Act. *See generally* N.J. Stat. Ann. §

59:1–1 et seq. Neither do Plaintiff's constitutional claims satisfy either exception to sovereign

immunity. Congress did not abrogate state sovereign immunity when it enacted § 1983, *Quern v.*

*Jordan*, 440 U.S. 332, 345 (1979), and the State "has not waived its sovereign immunity with

respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d

Cir. 2008)). Because the State is immune from Plaintiff's claims, this Court must grant the

State's Motion to Dismiss.

### B. Constitutional Challenge to Statute

State statutes are "entitled to the presumption of constitutionality." *Davies Warehouse*

*Co. v. Bowles*, 321 U.S. 144, 153 (1944). A plaintiff who seeks to challenge the constitutionality

of a state statute may do so as a facial or as-applied attack. A facial attack "tests a law's

constitutionality based on its text alone and does not consider the facts or circumstances of a

particular case." *See United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). An as-

applied attack "does not contend that a law is unconstitutional as written but that its application

to a particular person under particular circumstances deprived that person of a constitutional right." *Id.* A facial challenge to a statute is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Here, Plaintiff alleges that the New Jersey Sewerage Authorities Law allows the State to deprive citizens of property without due process of law. Plaintiff appears to be bringing a facial constitutional challenge.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." A procedural due process analysis involves a two-step inquiry: (1) whether the complaining party has been deprived of a protected liberty or property interest, and (2) if so, whether the state's procedures comport with due process.[1] *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

It is clearly established that ownership interests in real property and money are property interests protected by the Due Process Clause. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571 (1972). Even temporary or partial impairment of property rights, such as liens, are subject to due process requirements. *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991). Plaintiff alleges that the State scheduled a tax lien sale for his property and charged connection and usage fees without due process of law. *See* Compl. at 4. Rights in real property and money are property interests that fall within the strictures of the Fourteenth Amendment, and Plaintiff pleads deprivations of those rights by the State. Construing the Complaint in the light most favorable to Plaintiff, Plaintiff has identified deprivations of property that necessitate due process protections.

---

[1] Plaintiff brings a due process challenge under the Fifth and Fourteenth Amendments. The Fifth Amendment limits the federal government, while the Fourteenth Amendment limits states. *See Bolling v. Sharpe*, 347 U.S. 497, 498 (1954). Because Plaintiff is bringing his case against a state law, the Court's analysis discusses only the Fourteenth Amendment claim.

Next, the Court considers whether Plaintiff states a plausible claim that the State failed to provide constitutionally adequate process. Procedural due process, at bottom, requires notice and an opportunity to be heard. *Zappan v. Pa. Bd. of Probation & Parole*, 152 Fed. Appx. 211, 220 (3d Cir. 2005). What constitutes sufficient process is determined by balancing three factors: (1) the private interest at stake, (2) the risk of "erroneous deprivation" and the value of alternative procedures, and (3) the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process usually requires that an individual receive a hearing before he is deprived of an interest; however, that rule is not absolute. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The state may postpone a hearing until after deprivation has occurred in "extraordinary situations where some valid governmental interest is at stake," *Roth*, 408 U.S. at 570 n.7, "where a State must act quickly, or where it would be impractical to provide predeprivation process," *Gilbert*, 520 U.S. at 930. For example, pre-deprivation procedures to challenge state taxes are not required, because litigation prior to payment might endanger a state's financial stability by creating unpredictable revenue shortfalls. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dept. of Bus. Regulation of Fla.*, 496 U.S. 18, 37 (1990).

In order to state a claim that the state violated the right to due process, the plaintiff "must have taken advantage of the processes that are available to him or her," unless the processes were "unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). As long as a procedure "appears to provide due process," the plaintiff "cannot skip that process and use the federal courts as a means to get back what he wants." *Id.* If the state provided common law or tort remedies and plaintiff fails to allege he pursued those remedies to obtain compensation or recover property, plaintiff's complaint does not state a claim for relief. *See Willard v. Pa. Soc. for the Prevention of Cruelty to Animals*, 525 F. App'x 217, 221 (3d Cir. 2013).

6

The statute challenged by Plaintiff, the New Jersey Sewerage Authorities Law, does not provide for an administrative hearing process, *see generally* N.J.S.A. 40:14A–1 to –37, but a person can bring a state judicial proceeding to contest sewerage connection and usage rates, *see, e.g.*, *New Providence Apartments Co. v. Mayor & Council of Borough of New Providence*, 423 N.J. Super. 210 (N.J. 2011); *Phoenix Assocs. v. Edgewater Park Sewerage Auth.*, 230 N.J. Super. 461 (N.J. 1989). A person may also challenge the validity of tax liens in Superior Court. N.J.S.A. 54:5–82, 54:5–100. Plaintiff does not indicate that he pursued any of these processes. Because Plaintiff failed to take advantage of the processes available to him, his due process claim can proceed only if the procedures were patently inadequate.

The procedures provided by the State do not appear to be patently inadequate. Prior to a tax sale, sewerage authorities provide notice, containing the time and place of the sale, description of the land, owner's name, total amount due, and statement the land will be sold, to the property owner by mail. N.J.S.A. 54:5–27. State judicial proceedings afford notice and an opportunity to be heard to persons challenging connection charges, usage rates, and tax liens. Although these processes are available only after deprivation, the State has a valid governmental interest at stake in ensuring sewerage authorities collect sufficient revenues to operate a sewerage system, and it would be impracticable to provide pre-deprivation notice and hearing for every sewerage charge. Plaintiff does not identify any particular parts of the State's process that render it patently inadequate, and propounds only vague assertions that the statute is unconstitutional. Such allegations do not meet the standard required of a facial constitutional challenge. Therefore, the Court finds Plaintiff fails to state a procedural due process claim upon which relief may be granted, and Defendant's Motion to Dismiss is granted.

## IV.      CONCLUSION

Defendant State of New Jersey's Motion to Dismiss is **GRANTED**. The Clerk shall be directed to terminate Defendant State of New Jersey as a party to this action.


Dated:      09/06/2016                                                    s/ Robert B. Kugler

                                                                         ROBERT B. KUGLER

                                                                         United State District Judge

8