NOT FOR PUBLICATION (Docs. No. 46, 52)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY BELLO | : |
| Plaintiff, | : Civil No. 15-6768 (RBK/KMW) |
| v. | : **OPINION** |
| EDGEWATER PARK SEWERAGE AUTHORITY and THE STATE OF NEW JERSEY | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

Plaintiff Jeffrey Bello ("Plaintiff"), *pro se*, brings this action against Defendants Edgewater Park Sewerage Authority ("EPSA") and the State of New Jersey ("State") for alleged violations of his rights under the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1–1 et seq., and Fifth and Fourteenth Amendments of the United States Constitution. Currently before the Court are Plaintiff's Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 (Doc. No. 46) and Motion for Reconsideration and to Amend (Doc. No. 52). For the following reasons, Plaintiff's Motion for Preliminary Injunction and Motion for Reconsideration are **DENIED** and Plaintiff's Motion for Leave to Amend is **GRANTED**.

I.      BACKGROUND

The following constitutes the Court's Findings of Fact pursuant to Federal Rule of Civil Procedure 52(a)(2). Plaintiff resides at 143 E. Warren Street, Edgewater Park, New Jersey. Compl. 3. EPSA classifies his property as a four-unit home. Compl. Plaintiff alleges that EPSA

falsely charged him for four connection fees and has been overbilling him for usage fees since 2002. *Id.* Because Plaintiff contests the charges, Plaintiff has not paid all of his sewerage bills. *Id.* As a result, EPSA allegedly scheduled a tax lien sale on Plaintiff's property for September 10, 2015. Pl.'s Emergency Mot. for Prelim. Inj., Sep. 10, 2015. Plaintiff filed a Complaint against EPSA and the State on September 9, 2015, alleging violations of the NJTCA and the Fifth and Fourteenth Amendments of the United States Constitution (Doc. No. 1).

Plaintiff filed a Motion for Preliminary Injunction on September 10, 2015 and requested the Court enjoin the tax lien sale (Doc. No. 2). The Court denied the Motion for failure to notify the adverse party on September 14, 2015 (Docs. No. 3, 4). Plaintiff filed a second Emergency Motion for Preliminary Injunction on September 29, 2015 (Doc. No. 7). In Plaintiff's Motion, Plaintiff admitted that his mortgage company had paid the tax lien on August 28, 2015. The Court held a hearing and denied Plaintiff's second Motion on grounds of mootness on November 9, 2015 (Doc. No. 19). Plaintiff filed the present Motion for Preliminary Injunction on August 8, 2016, asserting that EPSA scheduled a tax lien sale of his property for September 8, 2016 (Doc. No. 46). Plaintiff seeks a preliminary injunction rescinding the tax lien sale and preventing EPSA from further billing or taking action against Plaintiff's property. Pl.'s Emergency Mot. for Prelim. Inj. 5, Aug. 8, 2016.

The State filed a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim on January 8, 2016 (Doc. No. 29). The Court granted the Motion on September 7, 2016 and dismissed with prejudice Plaintiff's claims against the State and claims under the United States Constitution (Docs. No. 50, 51). On September 16, 2016, Plaintiff timely filed the present Motion for Reconsideration and to Amend (Doc. No. 52).

## II.  MOTION FOR A PRELIMINARY INJUNCTION

The Third Circuit has repeatedly held that an injunction "is an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citing *United States v. City of Phila.*, 644 F.2d 187, 191 n.1 (3d Cir. 1980)). The Court must consider four factors when considering an application for a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*SI Handling Sys. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985). The burden is on the moving party "to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994) (quoting *Merchant & Evans, Inc. v. Roosevelt Bldg. Prods.*, 963 F.2d 628, 632–33 (3d Cir.1992)). If the moving party fails to demonstrate a likelihood of success on the merits or irreparable injury, the Court must deny the preliminary injunction. *Instant Air Freight Co. v. C.G. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (the Court need not weigh the balance of equities if the movant fails to satisfy either of the first two factors).

Plaintiff moves for a preliminary injunction and seeks "rescinding the Tax Lien Sale of the Plaintiff's property" and "freezing of all billings, and further actions by the Edgewater Park Sewerage Authority against the subject property." Pl.'s Emergency Mot. for Prelim. Inj., Aug. 8, 2016. Plaintiff asserts two claims, that Defendants violated the Due Process Clause of the Fifth and Fourteenth Amendments and the NJTCA. The Court addresses each claim in turn. Because

Plaintiff fails to demonstrate a likelihood of success on the merits for both claims, Plaintiff's application for a preliminary injunction will be denied.

### A. United States Constitution

Plaintiff argues that Defendants denied him the right to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution in setting sewerage fees and scheduling a tax lien for his property. Plaintiff's claim against the State must fail because the State enjoys sovereign immunity. State sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction," so the Court must dismiss Plaintiff's claims against the State unless the claims meet an exception. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). There are two exceptions to state sovereign immunity: congressional abrogation of the state's immunity and state consent to suit. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996). The Supreme Court has held that Congress did not abrogate state immunity when it enacted § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and the Third Circuit has held that New Jersey has not waived sovereign immunity for § 1983 suits in federal court, *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008)). Thus, Plaintiff's constitutional claim against the State is barred by sovereign immunity and does not have a reasonably probability of success on the merits.

Plaintiff has also failed to demonstrate that the procedural due process claim against EPSA is likely to succeed on the merits. Plaintiff's Fifth Amendment claim must fail because the Fifth Amendment limits the federal government. *See Bolling v. Sharpe*, 347 U.S. 497, 498 (1954). The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." To mount a procedural due process attack, a plaintiff must show: (1) she was deprived of a protected liberty or property interest, and (2) the

4

state's procedures fail to comport with due process. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). As to the first step, Plaintiff has ownership interests in his real property and money that are clearly protected by the Due Process Clause. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571 (1972). As to the second step, where a state made procedures available, the plaintiff must show she took advantage of those procedures, unless they were patently inadequate. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

The New Jersey Sewerage Authorities Law, N.J. Stat. Ann. § 40:14A–1, makes available notice and the opportunity to challenge sewerage user fees and tax liens in state court. N.J. Stat. Ann. § 54:5–100; *see also, e.g.*, *New Providence Apartments Co. v. Mayor & Council of Borough of New Providence*, 423 N.J. Super. 210 (N.J. 2011). Plaintiff does not allege that he took advantage of state judicial proceedings to challenge EPSA's practices. Therefore, Plaintiff must show that the State's process was patently inadequate for his claim to succeed.

Procedural due process, at bottom, requires notice and an opportunity to be heard. *Zappan v. Pa. Bd. of Probation & Parole*, 152 Fed. Appx. 211, 220 (3d Cir. 2005). Due process usually requires that a person receive a hearing prior to being deprived of an interest. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997). However, the state need not provide a pre-deprivation hearing in "extraordinary situations where some valid governmental interest is at stake," *Roth*, 408 U.S. at 570 n.7, "where a State must act quickly, or where it would be impractical to provide predeprivation process," *Gilbert*, 520 U.S. at 930. The Supreme Court has not required pre-deprivation procedures where state taxes are the subject of challenge, because a right to litigation before paying taxes would endanger a state's financial stability. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dept. of Bus. Regulation of Fla.*, 496 U.S. 18, 37 (1990). In the case at hand, the state law in question requires sewerage authorities to provide notice prior to

service charge changes, a public hearing prior to connection fee changes, and notice prior to tax lien sales. N.J. Stat. Ann. §§ 40:14A–8, 54:5–27. It does not make available pre-deprivation hearings. *See id.* § 40:14A–1 et seq. However, the State has a valid governmental interest in collecting fees in order to fund operation of the sewerage system, and it would be impracticable to allow residents to challenge each sewerage charge prior to making payment. Property owners can contest sewerage charges in state court and certificates of sale for two years following a tax sale. N.J. Stat. Ann. §§ 54:5–54, 54:5–82. These procedures do not appear to be patently inadequate, and Plaintiff has made no arguments addressing how they are constitutionally insufficient. Plaintiff cites *Marina District Development Co., LLC v. City of Atlantic City*, 27 N.J. Tax 469 (N.J. Tax Ct. 2013), for support, but the case involves a challenge to property tax assessments under state law, not the right to due process under the federal Constitution. Plaintiff also points to *Augustin v. City of Phila.*, No. 14-cv-4238, 2016 WL 1073223 (Mar. 18, 2016 E.D. Penn. 2016), in which the Eastern District of Pennsylvania held that a city's method for collecting gas bills failed to comport with due process. There, however, the city did not provide notice or pre-deprivation procedures to landowners before levying property liens in response to tenants' failures to make payment. *Id.* at *1–11. The court in *Augustin* was concerned that the lack of notice to landowners rendered it impossible for them to address delinquencies with their tenants. That concern is not present here.

    **B.**    **NJTCA**

Plaintiff appears additionally to allege that Defendants violated the NJTCA. Plaintiff does not demonstrate the likelihood of success of his NJTCA claim against the State because the State has sovereign immunity. Congress did not abrogate the State's sovereign immunity under the NJTCA, and the NJTCA does not waive state immunity. *Hyatt v. Cty. of Passaic*, 340 F. App'x

833, 837 (3d Cir. 2009). Plaintiff also fails to show that his NJTCA claim against EPSA has a reasonable probability of success on the merits. The NJTCA's guiding principle is that "immunity from tort liability is the general rule and liability is the exception." *Ogborne v. Mercer Cemetery Corp.*, 963 A.2d 828, 833 (2009) (quoting *Garrison v. Tp. Of Middletown*, 712 A.2d 1101, 1103 (1998)); *see also* N.J. Stat. Ann. § 59:3–1. The NJTSA recognizes several exceptions to the immunity of public entities, including claims for certain injuries caused by a public employee acting within the scope of employment, dangerous conditions on a property, and failure to provide emergency warning signals. N.J. Stat. Ann. §§ 59:2–2, 59:4–2, 59:4–4. In arguing that his claims have a likelihood of success on the merits, Plaintiff alleges only that an official of EPSA stated Plaintiff was overcharged for connection fees. These bare facts do not demonstrate that Plaintiff has a claim that falls within one of the NJTSA's exceptions to immunity. As such, Plaintiff fails to show that his NJTSA claim has a likelihood of success on the merits, and the Court denies the Motion for Preliminary Injunction.

### III.    MOTION FOR RECONSIDERATION AND TO AMEND

#### A.    Reconsideration

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) allows such a review. *See, e.g.*, *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). A party seeking reconsideration should file a brief setting forth the matter or controlling decisions, which the party believes the court overlooked. L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001). A motion for reconsideration under Rule 7.1(i) asks for an "extraordinary remedy," and courts should grant such motions sparingly. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 353 (D.N.J. 2001).

To prevail on a motion for reconsideration, a moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe* ex. rel. *Lou-Ann v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate when the motion only raises a party's disagreement with a court's initial decision. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988). Normally, a party should use the appellate process when it disagrees with a court's decision. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff concedes that the State of New Jersey has sovereign immunity, Pl.'s Br. 6, so the only reconsideration request before the Court pertains to Plaintiff's constitutional claim. Plaintiff raises no issues of a change in controlling law or the availability of new evidence. Therefore, "the need to correct a clear error of law or fact or to prevent manifest injustice" is the sole basis for Defendant's Motion. *Max's Seafood Cafe,* 176 F.3d at 677. Upon reconsideration of the initial decision, this Court determines there were no clear errors of law or fact. Furthermore, this Court's dismissal will not result in manifest injustice to Plaintiff.

It is firmly established in the Third Circuit that a plaintiff alleging a state deprivation of her due process right must have taken advantage of the procedures the state made available to her, unless the procedures are patently inadequate. *Alvin*, 227 F.3d at 116. The plaintiff "cannot skip that process and use the federal courts as a means to get back what he wants." *Id.* In the instant case, Plaintiff never asserts that he availed himself of the state courts, the procedure provided by the state. Plaintiff attempts to excuse this omission by arguing that he cannot bring his case in state court because it does not involve violation of a state statute. Even assuming a

claim under the Sewerage Authorities Law would fail, however, Plaintiff nonetheless could bring a challenge under the New Jersey or federal constitutions in state court. The remaining portions of Plaintiff's request for reconsideration are comprised of conclusory assertions that EPSA lacks oversight and the New Jersey state courts are predisposed to always upholding the Sewerage Authorities Law. Unsupported conclusions do not make plausible claims, and Plaintiff points to no other instances where the Court's legal arguments were allegedly improper. Thus, the Court does not find that the decision rendered on the Motion to Dismiss contained any clear errors of law.

Plaintiff also fails to identify any clear errors of fact. Plaintiff argues the Court misstated the chain of events that led up to EPSA's connection fee charges. Pl.'s Br. 2–3. On a motion for reconsideration, the Court does not consider "evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Plaintiff originally pled that EPSA gave false information to Plaintiff, which "resulted in a public sewer line being installed." Compl. To the extent that is incorrect and Plaintiff now asserts additional facts clarifying that EPSA itself never installed any connection lines on the property, these facts are not considered by the Court on a reconsideration motion. Furthermore, even if the Court did consider the new factual material, they would not affect the plausibility of Plaintiff's claim. A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The specifics of which entity completed the installation and how EPSA quoted Plaintiff's connection charges do not bear on whether the state-provided process of state judicial proceedings comports with due process. The Court finds no a clear error of fact.

Lastly, Plaintiff has failed to demonstrate that the Court's dismissal of the constitutional claim results in manifest injustice. Black's Law Dictionary defines manifest injustice as "[a] direct, obvious, and observable error in a trial court," such as an involuntary guilty plea by a defendant. In this case, the Court dismissed Plaintiff's constitutional claim because Plaintiff failed to plead a plausible claim that the state's procedure is constitutionally inadequate. Dismissing Plaintiff's claim because the Complaint failed to meet the standard prescribed by the Federal Rules of Civil Procedure does not constitute manifest injustice.

### B. Amend

Federal Rule of Civil Procedure 15 allows a plaintiff to amend an originally filed complaint once, without leave of the court, "at any time before a responsive pleading is served." A motion to dismiss is not a responsive pleading. *Centifanti v. Nix*, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989). Because EPSA remains as a Defendant and it has not filed a responsive pleading in this matter, the Court must grant Plaintiff's Motion to Amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is **DENIED**, Motion for Reconsideration is **DENIED**, and Motion to Amend is **GRANTED**.

Dated: 9/30/2016  s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge