IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JEFFREY BELLO, | : | |
| | : | |
| Plaintiff, | : | Civil No. 15-6768 (RBK/KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| EDGEWATER PARK SEWAGE AUTHORITY., | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendant Edgewater Park Sewerage Authority's ("EPSA") motion for summary judgment, plaintiff Jeffrey Bello's ("Bello") cross-motion for summary judgment, and Bello's motion seeking an emergency preliminary injunction. For the reasons set forth in the opinion below, EPSA's motion for summary judgment is **GRANTED**, and Bello's cross-motion for summary judgment and motion seeking an emergency preliminary injunction are both **DENIED**.

**BACKGROUND**

**A. Procedural History**

On September 9, 2015, Bello filed a complaint and motion for a preliminary injunction against EPSA and the State of New Jersey.[1] (Doc. No. 1; Doc. No. 2). This was denied. (Doc. No. 3). On September 29, 2015, Bellow filed a second motion for a preliminary injunction. (Doc. No. 7). This court heard argument on this motion on November 9, 2015 and it was denied. (Doc.

---

[1] Bello's case against the State of New Jersey has been dismissed.

1

No. 19). Bello filed another motion for a preliminary injunction on August 8, 2016. (Doc. No. 46). This motion was denied on September 30, 2016. (Doc. No. 53). On October 31, 2016, Bello filed an amended complaint. (Doc. No. 62). EPSA answered on November 22, 2016 and filed its motion for summary judgment on May 1, 2017. (Doc. No. 62; Doc. No. 70). Bello replied and filed his own cross-motion for summary judgment on May 19, 2017. (Doc. No. 71). He then filed a motion for an emergency preliminary injunction on August 18, 2017. (Doc. No. 74).

### B. Factual Background

At issue are unpaid bills stemming from Bello's home's connection to EPSA's public sewage line. *See* Am. Compl. at 6 (Doc. No. 62).[2] The subject property is located at 143 E. Warren St., Edgewater Park, New Jersey. *Id.* It is classified by EPSA as a four unit home for sewage cost assessment and billing purposes. *Id.* Bello disputes EPSA's designation and billing practices as to the home; he alleges that only three people have ever resided there at one time. *Id.* Bello further alleges that he has been charged "false connection fees," was provided "false information" that led to the public sewer line's initial installment, and that in 2010, an EPSA representative admitted as much and declared that Bello was overcharged.

Since this statement, Bello has refused to pay EPSA—asserting that these bills are false taxes—and has instead tried to bill the agency himself. He has not pursued available state remedies. Instead, Bello says that he "requested help" from every "feasible entity" in New Jersey but to no avail. Pl. Mot. Prelim. Inj. at 7. Bello has not brought suit in New Jersey Superior Court because he claims that he does not have standing. *Id.* at 13. Bello now faces a tax lien on his house which he asserts will force him into bankruptcy. *See Id.* at 15 (Doc. No. 74).

---

[2] The amended complaint's page numbers are unclear. Page one, for this Court's purposes, is the letter/cover page of Doc. No. 62. Numbering proceeds from there. Any numbering on the bottom of individual pages should be ignored.

2

## II. STANDARD

### A. Summary Judgment Standard

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Temporary Restraining Order Standard

Fed. R. Civ. P. 65 governs injunctions and restraining orders. The Third Circuit has repeatedly held that an injunction "is an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citing *United States v. City of Philadelphia*, 644 F.2d 187, 191 n.1 (3d Cir. 1980). The Court must consider four factors when considering an application for a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*SI Handling Sys. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985). The burden is on the moving party "to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). If the moving party fails to demonstrate a likelihood of success on the merits, the Court must deny the preliminary injunction. *Instant Air Freight Co. v. C.G. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). *See also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (the Court need not weigh the balance of equities if the movant fails to satisfy either of the first two factors). The court may only issue a preliminary injunction or temporary restraining order if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c).

## III. ANALYSIS

### A. EPSA Is Entitled To Summary Judgment Because Bello Failed To Take Advantage Of The Constitutionally Adequate Processes Available To Him In State Court.

Bello asserts that the Sewerage Authorities Law ("SAL"), N.J.S.A. 40:14A-1 *et seq.*, violates the Due Process requirements of the Fourteenth Amendment. This assertion is incorrect.

SAL provides reasonable standards for setting sewerage connection and usage fees. N.J.S.A. 40:14A-8. These are subject to review by New Jersey Superior Courts. *See Phoenix Assocs. v. Edgewater Park Sewerage Auth.*, 428 A.2d 508 (N.J. Super. Ct. App. Div. 1981) (challenging usage rates charged by EPSA as arbitrary and inequitable). Municipal sewerage authorities—like EPSA—are authorized to charge and collect "rents, rates, fees or other charges" for the use of the sewer system. N.J.S.A. 40:14A-8(a). SAL lays out specific factors for setting fees. *Id.* at 14A-8(b). In short, judicial review is available to Bello in the state court system and there are clear standards that can be applied by state courts on review. Thus, there is due process as to the fees and charges billed by EPSA. *See, e.g.*, *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196-97 (2001).

As to the disputed tax lien, SAL provides notice and the right to be heard before any deprivation of a property interest. Sewage liens are enforced through tax sales under the New Jersey Tax Sale Law, N.J.S.A. 54:5-1, -137. Before any such sale, notice is given. N.J.S.A. 54:5-27, -30. The owner of the property has the opportunity to pay or negotiate payment for the unpaid fees to avoid such a sale. N.J.S.A. 54:5-19, -29. Further, the sale does not actually divest the owner. *Petak v. City of Paterson*, 677 A.2d 244, 249 (N.J. Super. Ct. App. Div. 1996) ("The sale itself does not divest the property owner of the land."). The owner has two years to redeem

his property or challenge the validity of a sale. N.J.S.A. 54:5-54, -82, -86. Any action to foreclose on a lien by EPSA is subject to notice and the opportunity to defend against the foreclosure action in Superior Court. N.J.S.A. 2A:50-56. Therefore, there is no deprivation of Bello's property interest without due process of law as he is afforded notice and the opportunity to be heard. *Zappan v. Pa. Bd. of Probation & Parole*, 152 Fed Appx. 211, 220 (3d Cir. 2005).

Bello, however, ignored these processes and brought suit in this Court instead. Unfortunately for Bello, a plaintiff "must have taken advantage of the processes available" in order to maintain a cause of action in federal district court for a violation of the Fourteenth Amendment right to due process. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Bello "cannot skip the process and use the federal courts as a means to get [] what he wants." *Id.*

Because there are procedures that Bello could have used but chose not to, he cannot sustain an argument that EPSA did not provide notice and an opportunity to be heard. Bello presents no evidence that he did not have these opportunities. Thus, there is no dispute as to material fact—Bello did not use the processes available to him and has presented nothing more than denials about the adequacy of these remedies.

**B. EPSA Is Entitled To Summary Judgment Because Plaintiff's Claims Violate The Tax Injunction Act.**

"District courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Tax Injunction Act, 28 U.S.C.A. § 1341. Sewage fees and related assessments or other fees are considered "tax[es] under State law." *Kerns v. Dukes*, 153 F.3d 96, 102 (3d Cir. 1998). Bello has a "plain, speedy and efficient remedy"—the New Jersey state court system discussed above. *Phoenix*. 428 A.2d 508. As such, the Tax Injunction Act precludes this Court

6

from enjoining, suspending, or restraining the assessment or collection of these taxes on Bello's property.

**C. Bello Is Not Entitled To An Emergency Preliminary Injunction Because He Will Lose On The Merits.**

In order to receive an order for a preliminary injunction, the moving party must demonstrate that there is a substantial likelihood of success on the merits. For the reasons discussed above in Subsections A and B, Bello will lose on the merits. Therefore, this requirement is not met; this Court cannot grant the preliminary injunction that Bello seeks.[3]

**IV. CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment is **GRANTED**, Plaintiff's cross-motion for summary judgment is **DENIED**, and Plaintiff's motion for a temporary restraining order is **DENIED**.

Dated: 10/26/2017          s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[3] Bello sent this Court a letter on September 15, 2017 (Doc. No. 77) which argued that this Court should not consider EPSA's response to Bello's motion for an emergency preliminary injunction as it was untimely. This is not an issue as the Court did not need to consider EPSA's response—Bello could not demonstrate a substantial likelihood of success on the merits regardless of what EPSA had to say.