IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEFFREY BELLO, | : |
| Plaintiff, | : Civil No. 15-6768 (RBK/KMW) |
| v. | : **OPINION** |
| EDGEWATER PARK SEWAGE AUTHORITY., | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon plaintiff Jeffrey Bello's ("Bello") motion for reconsideration. (Doc. No. 81). For the reasons set forth below, Bello's motion is **DENIED**.

**I.    BACKGROUND[1]**

**A.  Procedural History**

On September 9, 2015, Bello filed a complaint and motion for a preliminary injunction against Edgewater Park Sewer Authority ("EPSA") and the State of New Jersey.[2] (Doc. No. 1; Doc. No. 2). This was denied. (Doc. No. 3). On September 29, 2015, Bellow filed a second motion for a preliminary injunction. (Doc. No. 7). The Court heard argument on this motion on November 9, 2015 and it was denied. (Doc. No. 19). Bello filed another motion for a preliminary injunction on August 8, 2016. (Doc. No. 46). This motion was denied on September 30, 2016.

---

[1] The facts remain the same as in this Court's October 26, 2017 decision (Doc. No. 79).
[2] Bello's case against the State of New Jersey was dismissed.

1

(Doc. No. 53). On October 31, 2016, Bello filed an amended complaint. (Doc. No. 62). EPSA answered on November 22, 2016 and filed its motion for summary judgment on May 1, 2017. (Doc. No. 62; Doc. No. 70). Bello replied and filed his own cross-motion for summary judgment on May 19, 2017. (Doc. No. 71). He then filed a motion for an emergency preliminary injunction on August 18, 2017. (Doc. No. 74). On October 26, 2017, this Court granted EPSA's motion for summary judgment and denied Bello's cross-motion for summary judgment and Bello's motion seeking an emergency preliminary injunction. (Doc. No. 79). We entered judgment in favor of EPSA. (*Id.*).

### B. Factual Background

At issue are unpaid bills[3] stemming from Bello's home's connection to EPSA's public sewage line. (*See* Am. Compl. at 6).[4] The subject property is located at 143 E. Warren St., Edgewater Park, New Jersey. (*Id.*). It is classified by EPSA as a four unit home for sewage cost assessment and billing purposes. (*Id.*). Bello disputes EPSA's designation and billing practices as to the home; he alleges that only three people have ever resided there at one time. (*Id.*). Bello further alleges that he has been charged "false connection fees," was provided "false information" that led to the public sewer line's initial installment, and that in 2010, an EPSA representative admitted as much and declared that Bello was overcharged. (*Id.*).

Since this statement, Bello has refused to pay EPSA—asserting that these bills are false taxes—and has instead tried to bill the agency himself. He has not pursued available state remedies. Instead, Bello says that he "requested help" from every "feasible entity" in New Jersey

---

[3] Bello maintains that calling this dispute one about "unpaid bills" is an "obvious attempt to minimize the importance of this case." (Pl. Mot. for Reconsideration at 2).
[4] The amended complaint's page numbers are unclear. Page one, for this Court's purposes, is the letter/cover page of Doc. No. 62. Numbering proceeds from there. Any numbering on the bottom of individual pages should be ignored.

but to no avail. (Pl. Mot. Prelim. Inj. at 7). Bello has not brought suit in New Jersey Superior Court because he claims that he does not have standing. (*Id.* at 13). Bello now faces a tax lien on his house which he asserts will force him into bankruptcy. (*See Id.* at 15).

## II.   LEGAL STANDARD

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court on matters which it believes the court overlooked when it ruled on the motion. *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). "The standard for [reconsideration] is quite high, and reconsideration is to be granted only sparingly." *United States v. Jones*, 159 F.R.D. 309, 314 (D.N.J. 1994) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III.   ANALYSIS

Bello has not demonstrated an intervening change of law, previously unavailable evidence, or clear error of law or fact. (*Id.*). Instead, Bello reiterates his earlier arguments and conclusory proclamations. (*See* Doc. No. 71; Doc. No. 79). To the extent Bellow disagrees with this Court's decision, he may appeal it. But without demonstrating or coherently alleging any of the three bases for reconsideration, this Court must deny his motion for reconsideration.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**. An order follows.

Dated: 03/26/2018                                             s/Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge